UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEE BENNETT,

                     Plaintiff,

v.                                         Case No. 16-CV-1403-JPS

LT. SOLPECK, DAVID CLARK,
JOHN DOES 1 - 5, and JANE DOE 1,

                     Defendants.          **ORDER**

The plaintiff, who is incarcerated at the Wisconsin Secure Program Facility, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on the plaintiff's motion to proceed *in forma pauperis*. (Docket #2). The plaintiff has been assessed and paid an initial partial filing fee of $4.82. 28 U.S.C. § 1915(b)(4).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774

(7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that on July 28, 2015, he was incarcerated in the Milwaukee County Jail. (Docket #1 at 2). The defendant Lt. Solpeck ("Solpeck") observed the plaintiff using a fishing line to pass a message to another inmate while both were locked in their cells. *Id.* Solpeck asked the plaintiff to give him the line but he refused. *Id.* Solpeck returned a few minutes later with the five John Doe defendants (the "Officers"). *Id.* They opened the trap door to the plaintiff's cell and ordered him to put his hands out of the door. *Id.* When he did so, some of the Officers grabbed his arms, while another sprayed him with mace in the face, chest, and stomach. *Id.* The

Page 3 of 8

Case 2:16-cv-01403-JPS   Filed 12/05/16   Page 3 of 8   Document 8

plaintiff states that he was coughing, yelling "I can't breathe," and he could not see. *Id.*

The Officers then entered the plaintiff's cell. *Id.* They began punching and kicking him repeatedly. *Id.* The Officers searched for the line but could not find it. *Id.* Eventually, the plaintiff found the line and gave it to Solpeck. *Id.* at 3. A few minutes later, the Officers came back to take the plaintiff to see a nurse. *Id.* The nurse, the Jane Doe defendant, flushed the plaintiff's eyes, checked his heartbeat, and gave him a few minutes to compose himself. *Id.* She then cleared the plaintiff to return to his cell. *Id.*

The plaintiff asked one of the Officers if he could take a shower to remove the mace residue but he was refused. *Id.* The plaintiff attended a court hearing the next morning with mace still on his body. *Id.* He requested a complaint form from the Officers and Solpeck but they refused to provide one. *Id.*

The plaintiff alleges three constitutional violations. The first is against Solpeck and the Officers for cruel and unusual punishment. *Id.* The second is against Jane Doe for denying him adequate medical treatment. *Id.* The third is against the defendant David Clark (correctly spelled "Clarke"), the Milwaukee County Sheriff, for "failure to train as well as turn a blind eye." *Id.* at 4. The plaintiff seeks money damages. *Id.*

Only one of the three proposed claims is viable. The plaintiff may proceed on an excessive force claim against Solpeck and the Officers. The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). When a correctional officer is accused of using excessive force, the core inquiry is

"whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Several factors are relevant to this determination, including the need for force, the amount applied, the threat the officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson*, 503 U.S. at 7; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004). Taking the plaintiff's allegations as true, there appears to have been little need for force, and certainly no need to continually strike the plaintiff after entering his cell.

The plaintiff fails, however, to state a claim against Jane Doe. He asserts an Eighth Amendment claim for inadequate medical care, which is assessed under the "deliberate indifference" standard. To state a claim of deliberate indifference to serious medical need, the plaintiff must show: (1) an objectively serious medical condition; (2) that the defendants knew of the condition and were deliberately indifferent in treating it; and (3) this indifference caused the plaintiff some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference inquiry has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Even if an official is aware of the risk to the inmate's health, "he is free from liability if he 'responded reasonably to the risk, even if the harm ultimately was not averted.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 843 (1994)). Negligence cannot support a claim of deliberate indifference; nor is medical malpractice a constitutional violation. *Estelle*, 429 U.S. at 105-06; *Roe v. Elyea*, 631 F.3d 843,

857 (7th Cir. 2011). Based on the plaintiff's allegations, Jane Doe took immediate steps to treat his pain when the Officers presented him to her. The plaintiff does not state what she allegedly failed to do to treat his symptoms. Even if he had done so, it does not appear that her conduct would approach medical malpractice, much less exceed it to the extent necessary to support a deliberate indifference claim.

The plaintiff's claim against Clarke also fails. A "failure to train" claim is one pursuant to the U.S. Supreme Court's *Monell* doctrine. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). To state such a claim, the plaintiff must allege that "the unconstitutional act complained of [was] caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009) (citing *Monell*, 436 U.S. at 690). The plaintiff has failed to allege facts supporting any of these theories. Further, to the extent Clarke allegedly "turn[ed] a blind eye" to the July 28, 2015 incident, the plaintiff fails to state that Clarke had any personal knowledge of or involvement in the incident. (Docket #1 at 4).

Thus, the Court finds that the plaintiff may proceed on the following claim: the use of excessive force by the defendants Lt. Solpeck and John Does 1-5 on July 28, 2015, in violation of the Eighth Amendment.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the defendants Jane Doe 1 and David Clark be and the same are hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this Court, copies of plaintiff's complaint and this order will be electronically sent to Milwaukee County for service on the Milwaukee County defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, the defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution,

Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated any of these institutions, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 5th day of December, 2016.

BY THE COURT:

s/ *J. P. Stadtmueller*
J.P. Stadtmueller
U.S. District Judge