# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LEE BENNETT,

                      Plaintiff,

v.

LT. SOBECK, OFFICER O'DONNELL,
OFFICER MIKULECKY, OFFICER
STEVENS, OFFICER FISCHER,
and OFFICER LEGERE,

                      Defendants.

Case No. 16-CV-1403-JPS

**ORDER**

Plaintiff, who is incarcerated at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his civil rights were violated when the Defendant correctional officers used excessive force against him. (Docket #28). Before the Court now are two discovery motions brought by Plaintiff: a motion for spoliation sanctions, (Docket #18), and a motion to compel, (Docket #30). Defendants oppose both motions. (Docket #24, #33). For the reasons stated below, both motions will be denied.

1.  **Motion for Spoliation Sanctions**

Plaintiff's first discovery motion asks the Court to impose spoliation sanctions based on Defendants' failure to produce, in response to Plaintiff's discovery request, video footage from the July 28, 2015 incident underlying Plaintiff's excessive force claim. (Docket #18). In support of his motion, Plaintiff provided a copy of Milwaukee County Jail's policy for videotaping Correctional Emergency Response Team deployments, a report from a

correctional officer dated July 29, 2015 indicating that he recorded the incident involving the Plaintiff, and discovery responses from Defendants indicating that "[n]o responsive video exists at this time" and that the Defendants are "actively continu[ing] to conduct a search to determine if there is a responsive video and one will be provided if located." (Docket #20-1 at 4-7). To remedy the alleged spoliation, Plaintiff asks either that he be permitted to "present a reenactment video of what he's alleged defendant[s] did to him with the jury instructed to consider it as the actual video recordings" or, alternatively, that the Court instruct the jury that Defendants' spoliation of the video is an admission that Plaintiff's version of the incident is true. (Docket #19 at 4).

In opposition to Plaintiff's motion, Defendants indicate that in February 2017, after receiving Plaintiff's discovery request for the video footage, employees of the Milwaukee County Sheriff's Office ("Sheriff's Office") searched for the video and were unable to find it. Specifically, the Sheriff's Office employees searched the file containing the "use of force report" relating to the July 28, 2015 incident, the archived recordings of the video cameras in the area of the Milwaukee County Jail where the incident allegedly occurred, and the hard drive containing recordings made on the jail's handheld video cameras, and the employees were not able to find the relevant video. (Docket #24 at 2, #25, #26). In the folder containing the use of force report from the July 28, 2015 incident, Sheriff's Office employee Mary Yu ("Yu") found a checklist with a handwritten notation indicating that the camera ran out of batteries. (Docket #26 at 2, #26-1). Yu is unaware of whose handwriting is on the checklist. (Docket #26 at 2). The checklist is stamped with a date that appears to read August 27, 2015. (Docket #26-1). Defendants argue that "[t]he only thing that can be concluded is that at this

time there is not a video to produce. [Plaintiff] has not shown proof that a video existed, and some evidence exists to indicate that in fact no recording was stored because the camera ran out of batteries." (Docket #24 at 3).

The Seventh Circuit has explained that "when a party intentionally destroys evidence in bad faith, the judge may instruct the jury to infer the evidence contained incriminatory content." *Bracey v. Grondin*, 712 F.3d 1012, 1018 (7th Cir. 2013) (citation omitted). A party destroys a document in bad faith when it does so 'for the purpose of hiding adverse information.'" *Id.* at 1019 (citing *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008)). "Simply establishing defendants' duty to preserve . . . is not enough." *Id.*

In *Bracey*, an excessive force case brought by an inmate under Section 1983, the Seventh Circuit affirmed the district court's denial of an adverse inference instruction because although the inmate alleged that the defendants had a duty to preserve surveillance video of the inmate's altercation with correctional officers, the inmate did not present evidence that the defendants destroyed the video in bad faith. *Id.* The inmate did not show, for example, that any of the defendants were involved in the decision not to preserve the video from the prison's security cameras. *Id.* at 1016.

Similarly here, Plaintiff has not met his burden to show that the video of the July 28, 2015 incident was destroyed and that it was destroyed in bad faith. The evidence presented by Defendants suggests that no video ever existed because the camera used to record the incident had run out of battery charge. Further, the checklist accompanying the use of force report for the July 28, 2015 incident indicates that, as of August 2015—long before Plaintiff instituted this lawsuit—someone within the jail or Sherriff's Office had learned that no video existed. In short, there is no evidence that Defendants knew the video contained adverse information and destroyed

it for the purpose of hiding such information. Plaintiff's motion must be denied.

**2.     Motion to Compel**

Plaintiff's second discovery motion seeks to compel the production of certain medical records related to his treatment following the July 28, 2015 incident. (Docket #30). Defendants assert that they responded to Plaintiff's discovery request for medical records by providing Plaintiff with a medical authorization form, an executed copy of which was required for Defendants to gain access to the medical records Plaintiff sought. (Docket #33 at 1-2). Plaintiff returned the authorization two months later, and on August 17, 2017—the day after Plaintiff filed his motion to compel—Defendants sent the requested medical records to Plaintiff. *Id.* at 2. Plaintiff has not indicated that the production was insufficient. His motion will be denied as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for spoliation sanctions (Docket #18) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel (Docket #30) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge